IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2015 at Knoxville

## SHELLEY DENISE BLAIR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Williamson County**
**No. CR108328     Michael W. Binkley, Judge**

_____

### No. M2014-02506-CCA-R3-PC – Filed December 17, 2015

_____

The petitioner, Shelley Denise Blair, appeals the summary dismissal of her petition for post-conviction relief, arguing that the post-conviction court erred by relying solely on her *pro se* petition, and not considering the allegations of fact in the amended petition prepared by post-conviction counsel, in concluding that she failed to make out a prima facie case of mental incompetence to toll the statute of limitations. Following our review, we affirm the summary dismissal of the petition as time-barred.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Matthew J. Crigger, Brentwood, Tennessee, for the appellant, Shelley Denise Blair.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Kim R. Helper, District Attorney General; and Mary K. White, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS and PROCEDURAL HISTORY

On October 11, 2011, the petitioner pled guilty in the Criminal Count of Williamson County to two counts of aggravated assault, one count of attempted especially aggravated kidnapping, and one count of kidnapping, for which she received a total effective sentence of sixteen years in the Department of Correction. On October 1, 2014, the petitioner filed an untimely *pro se* petition for post-conviction relief in which she raised claims of ineffective assistance of counsel and unknowing and involuntary

guilty pleas. As the basis for the statute of limitations to be tolled, the petitioner alleged only "[m]ental instability -- on suicide watch."

On October 9, 2014, the post-conviction court entered a preliminary order finding that the petitioner presented a colorable claim and appointing post-conviction counsel with instructions to file within thirty days either an amended petition, if necessary, or a notice stating that no amended petition would be filed. On October 20, 2014, the court entered an amended preliminary order which corrected the docket numbers and provided that the amended order be served on the correct trial counsel. On October 24, 2014, the State filed a motion to dismiss on the basis that the petition was barred by the one-year statute of limitations and the petitioner failed to meet the threshold burden of demonstrating that the limitations period should be tolled.

On October 29, 2014, the court entered an order setting a December 2, 2014 hearing on the State's motion to dismiss. On November 6, 2014, post-conviction counsel filed motions "to Construe Amended Preliminary Order" to allow more time for filing the amended petition, for an "Extension of Time to File Amended Petition," and "to Continue State's Motion to Dismiss," stating, among other things, that he had not yet received requested medical records from the Tennessee Prison for Women and would need time to review the records once received. In an order entered on November 19, 2014, the court continued the petitioner's motions until December 2, 2014, to "be heard along with the State's Motion to dismiss that [was] set for that date." The court also ordered that post-conviction counsel prepare as complete as possible an amended petition and to serve, but not file, the petition upon the State's attorney prior to the December 2 hearing.

At the December 2 hearing, post-conviction counsel conceded that the *pro se* petition failed to allege sufficient facts for the petitioner to make out a prima facie showing of mental incompetence to toll the statute. He argued, however, that he alleged sufficient facts for a prima facie showing in his amended petition, which

> set forth that [the petitioner] was on suicide watch when she was admitted into the Tennessee Prison for Woman, and that she was not removed from suicide watch until her mood was stabilized, and that since she had been in the Tennessee Prison for Women she's been diagnosed with posttraumatic stress disorder and been placed on heighten [sic] level of care which the Tennessee Prison for Women or TDOC denotes is level of care two, which we have averred constitutes medication and supervision.

Post-conviction counsel attached the petitioner's prison medical records to the petition.[1]

At the conclusion of the hearing, the post-conviction court found that, had the petitioner "made those types of allegations [contained in the amended petition] in the original petition," she would have met the minimum threshold of establishing a prima facie case in order to be afforded a full hearing on the issue. The court concluded, however, that the petitioner's *pro se* petition failed to allege sufficient facts to make out a prima facie case of mental incompetence to justify the tolling of the statute of limitations. The court noted that it had appointed post-conviction counsel and found that the *pro se* petition presented a colorable claim for relief without any consideration of the statute of limitations issue and that Rule 29 of the Rules of the Supreme Court, cited by post-conviction counsel as providing authority for his amended petition to be considered, was not applicable in cases in which the petition was untimely. Thereafter, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

On appeal, the petitioner asserts that "[a] dismissal under the statute of limitations should not be considered a dismissal on the merits" such as to bar her from filing a second petition for post-conviction relief. With that as a premise, she argues that, "[i]nstead of summarily dismissing the [p]etition, the [post-conviction] court should have allowed [the petitioner] leave to file an amended petition as it initially did in its preliminary orders[,]" which would have "prevented the needless filing of a subsequent petition" and "conserved judicial resources." The petitioner further argues that this court should "encourage [post-conviction] courts to appoint counsel, where appropriate, and grant leave to amend in post-conviction cases in which the petition is untimely but there is at least some attempt to allege facts sufficient to toll the statute of limitations for mental incompetence." The State responds by arguing that the court properly dismissed the petition as time-barred based on the petitioner's *pro se* petition. We agree with the State.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2012).

---

[1]The amended petition and its attachments were filed on December 2, 2014, and are in the record before this court. According to the petitioner's brief, the petition should have been part of Exhibit 1 to the hearing but was instead mistakenly filed by the court clerk.

3

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which is applicable in this case. However, in addition to the statutory exceptions, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when a claim for relief arises after the statute of limitations has expired; (2) when a petitioner is prevented by his or her mental incompetence from complying with the statute's deadline; and (3) when attorney misconduct necessitates the tolling of the statute. Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013).

Our supreme court has addressed the showing required to make out a prima facie case of mental incompetence for tolling the statute of limitations:

In the interest of uniformity and simplicity, we have determined that the standards and procedures in Tenn. Sup. Ct. R. 28, § 11 should henceforth be used in all post-conviction proceedings . . . in which the issue of the petitioner's competency is properly raised. Thus, Tenn. Sup. Ct. R. 28, § 11 will apply not only when a petitioner seeks to withdraw a previously-filed petition for post-conviction relief, but also when a petitioner seeks to toll the statute of limitations in Tenn. Code Ann. § 40-30-102(a) due to incompetency, and when a "next friend" seeks to have the prisoner declared incompetent.

In light of the importance our society ascribes to personal autonomy, the inquiry should begin with a presumption that the petitioner or prisoner is competent. . . . [The petitioner] must make a prima facie showing that [the petitioner] is incompetent by submitting affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. . . .

The competency standard applicable to these proceedings is whether the prisoner possesses "the present capacity to appreciate [his or her] position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether the petitioner is suffering from a mental disease, disorder, or defect which may substantially affect the petitioner's capacity." Tenn. Sup. Ct. R. 28, § 11(B)(1). The question is not whether the prisoner is able to care for himself or herself, but whether the prisoner is able to make rational decisions concerning the management of his or her post-conviction appeals.

Reid ex rel. Martiniano v. State, 396 S.W.3d 478, 512-13 (Tenn. 2013) (footnotes, internal quotations, and citations omitted). If a prima facie showing is made, the post-conviction court will then "schedule a hearing to determine whether the [petitioner] is competent to manage his [or her] petition." Id. at 512. At the hearing, the burden is on the petitioner to prove "that he or she is mentally incompetent by clear and convincing evidence." Id. at 494 (citing Tenn. Code Ann. § 40-30-110(f)).

The Post-Conviction Procedure Act provides in pertinent part:

This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.

Tenn. Code. Ann. § 40-30-102(c). We agree with the State that, while the Act provides that a petitioner may file a successive petition if the first petition has not been resolved on the merits, the Act contemplates that the original petition was timely filed. Here, the petition was untimely, and the petitioner failed to allege facts to meet her burden of making out a prima facie case of mental incompetence. The court could have summarily dismissed the petition on the basis of the statute of limitations without appointing counsel. See Tenn. Code Ann. § 40-30-106(b). The fact that the post-conviction court entered a preliminary order appointing post-conviction counsel before it received the response of the State, which asserted the statute of limitations, did not bar the court from summarily dismissing the petition as time-barred based on the allegations in the original *pro se* petition, without consideration of the amended petition.[2]   See Tenn. Code Ann. §

---

[2] We disagree with the determination of the post-conviction court that the amended second post-conviction petition could not be considered in determining whether the allegations were sufficient to toll the statute of limitations. However, we have carefully reviewed the amended petition and conclude that

5

40-30-109(a) ("The court shall review the case after the district attorney general's response is filed. If, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition.").

Moreover, even if the allegations of fact in the amended petition were considered, they would not, in our view, be sufficient to make out a prima facie case of mental incompetence to toll the statute of limitations. The allegations in the amended petition are that the petitioner suffered from depression and anxiety, had been placed on suicide watch, had been diagnosed with post-traumatic stress disorder, and was under continuing medication and a heightened level of care. Depression, stress, and mood disorders do not, however, necessarily show that a person is unable to appreciate his or her position and make rational choices regarding post-conviction proceedings. We conclude, therefore, that the post-conviction court properly dismissed the petition on the basis that it was filed outside the statute of limitations and the petitioner failed to make out a prima facie case of mental incompetence.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition as time-barred.

_____
ALAN E. GLENN, JUDGE

---

the additional allegations set out therein were insufficient to toll the statute. Thus, its consideration by the post-conviction court would not have affected the timeliness of the petitioner's claims.